UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Matthew Stellges, <br><br> Plaintiff, <br><br> v. <br><br> Bison Recovery Group, Inc., <br><br> Defendant. | Civil Action No: 4:18-cv-3304 <br><br> **JURY** |

**COMPLAINT**

Plaintiff MATTHEW STELLGES ("Plaintiff"), by and through his attorney, SHAWN JAFFER, alleges the following against Defendant, BISON RECOVERY GROUP, INC. ("Defendant"):

**INTRODUCTION**

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA) and under the Tex. Fin. Code Ann. § 392 (TDCA).

2. The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

3. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

5. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

6. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## PARTIES

7. Plaintiff is a natural person, residing in College Station, Brazos County, Texas.

8. Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3).

9. Plaintiff allegedly owes a debt as defined by 15 U.S.C §1692a(5).

10. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

11. The original creditor of the Consumer Debt was ZALE.

12. The current creditor of the Consumer Debt is DNF Associates, LLC.

13. Defendant is a "debt collector" as defined by 15 U.S.C §1692a(6).

14. Defendant attempted to collect a debt from Plaintiff.

15. Defendant is a collection agency headquartered in Blasdell, New York.

16. Defendant collects, or attempts to collect debts from Texas Consumers.

17. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, and/or representatives.

19. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

20. On or about July, 2018 Defendant sent a collection letter (the "Letter") to the Plaintiff. A copy is attached hereto as Exhibit "A."

21. The Letter reads:

"**Payment on your account is due immediately**. You may choose to resolve this matter with one of the following options: (1) You may pay the balance in full in the amount of **$3,199.75** with certified funds or (2) You may contact this office to make a payment arrangement."

22. The FDCPA requires that debt collectors give consumers 30 days to dispute the debt or request the name and address of the original creditor.

23. Defendant demanded payment immediately.

24. Defendant's demand for immediate payment contradicts and/or is inconsistent with the FDCPA consumer disclosure and right to dispute.

## *COUNT I.*
## VIOLATION OF 15 U.S.C §§ 1692g

25. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

26. Pursuant to § 1692g(b), "Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

27. Defendant's demand for immediate payment violates § 1692g(b) because it overshadows and/or is inconsistent with the Plaintiff's right to dispute the debt during the 30 day period.

28. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, statutory damages, costs and attorney's fees.

## *COUNT II.*
## **VIOLATION OF 15 U.S.C §§ 1692e and/or 1692e(10)**

29. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

30. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. Defendant violated § 1692e by using false, deceptive, or misleading representation in connection with the collection of an alleged debt when Defendant demanded immediate payment from Plaintiff.

32. § 1692e(10) prohibits a debt collector from the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. Defendant violated § 1692e(10) by using false representation or deceptive means to collect or attempt to collect the alleged debt when Defendant demanded immediate payment from Plaintiff.

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, statutory damages, costs and attorney's fees.

## *COUNT III.*
## **VIOLATION OF 15 U.S.C §§ 1692f**

35. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

36. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

37. Defendant violated § 1692f by using an unfair or unconscionable means to collect the alleged Consumer Debt from Plaintiff when Defendant demanded immediate payment from Plaintiff while with the 30 day validation period.

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, statutory damages, costs and attorney's fees.

## *COUNT IV.*
## **VIOLATION OF THE TEXAS DEBT COLLECTION ACT**

39. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

40. The TDCA, under Tex. Fin. Code Ann. § 392.101, states:

BOND REQUIREMENT. (a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.
    (b) The bond must be in favor of:
       (1) any person who is damaged by a violation of this chapter; and
       (2) this state for the benefit of any person who is damaged by a
          violation of this chapter.
    (c) The bond must be in the amount of $10,000.

41. Defendant is a "Third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

42. Plaintiff is a consumer as defined by Tex. Fin. Code Ann. § 392.001(1).

43. The alleged debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

44. Defendant engaged in "debt collection" as defined by Tex. Fin. Code Ann. § 392.001(5).

45. Defendant did not obtain a surety bond to do business in Texas.

46. Defendant did not file a copy of any bond with the Texas Secretary of State.

47. Defendant is collecting or attempting to collect a consumer debt in Texas without a bond.

48. Defendant has engaged in illegal debt collection in Texas.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the TDCA, actual damages, costs and attorney's fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues and counts so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2) Actual damages and injunctive relief as provided under Tex. Fin. Code Ann § 392.403;

(3)     Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(4)     Such other or further relief as the Court deems proper.

DATED: September 14, 2018

Respectfully Submitted,

/s/ Shawn Jaffer_____.
**SHAWN JAFFER**
Attorney-in-charge
Texas Bar No.: 24107817
Southern District of Texas Bar No. 3269218
15950 Dallas Parkway, Suite 400
Dallas, Texas 75248
Phone:    214-210-0730
Fax:         214-594-6100
**ATTORNEY FOR PLAINTIFF**